James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
E-Mail:   jshea@shea.law
          blarsen@shea.law
          kwyant@shea.law

-and-

Michael A. Kolcun (*Pro Hac Vice pending*)
Fla. Bar No. 86043
Michael A. Kolcun
**SMITH GAMBRELL & RUSSELL LLP**
201 North Franklin Street, Suite 3550
Tampa, Florida 33602
(813) 488-2920
MKolcun@sgrlaw.com

*Attorneys for Defendant Dan Bongino*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOHN MATZE,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>PARLER LLC, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:24-CV-000826-ART-NJK<br><br>Related Matter:<br><br>Chapter 11 Case No. 24-10755-CTG<br><br>(Pending in the United States Bankruptcy Court for the District of Delaware)<br><br>**DEFENDANT DAN BONGINO'S MOTION TO STAY DISCOVERY**<br><br>**ORAL ARGUMENT REQUESTED** |

Pursuant to Fed. R. Civ. P. 26 and NRS 41.660, Defendant Dan Bongino ("<u>Bongino</u>") moves for a stay of all discovery pending the resolution of the Motion to Transfer Venue by Defendant Parler LLC ("<u>Parler</u>") [ECF No. 11] and the Countermotion for Abstention and/or

Remand by Plaintiff John Matze ("Matze") [ECF No. 20] (together, the "Pending Motions"), and at the very least, for a stay of discovery over the anti-SLAPP issues until they are resolved.

This motion is based on the following memorandum of points and authorities, all pleadings and documents filed in this matter, judicial notice of which is hereby requested, the attached exhibits, and any oral argument the Court deems proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This Court should stay all discovery pending resolution of the Pending Motions, which both question whether this district is the correct venue to adjudicate the claims asserted in this action. Each of the three relevant factors this Court must consider weighs in favor of a stay of discovery and granting Bongino's present motion. First, both Pending Motions are considered dispositive because, if either is granted, this Court will lose jurisdiction over this case. Second, discovery is not needed to resolve the preliminary question of venue posed by the Pending Motions since they are fully briefed and ripe for resolution. Third, a preliminary peek at the merits of the Pending Motions reveals an unlikelihood that this Court will retain this action, which weighs against this matter proceeding on an abbreviated case schedule and obviates the need for this Court to oversee discovery disputes and related matters while the Pending Motions are considered.

Even if the Court denies both Pending Motions, a partial discovery stay is still warranted based on NRS 41.660. Nevada's anti-SLAPP statute expressly provides that discovery is stayed pending the disposition of an appeal from a ruling on a special motion to dismiss pursuant to the statute. Defendant Bongino's appeal has not been decided—after it was fully-briefed, but before oral argument was scheduled, the appeal was provisionally dismissed due to the removal of this action (which was due to no actions attributable to Bongino)—and therefore the statutory discovery stay remains in place. Once venue is determined, no matter the court, Bongino will promptly reinitiate review of the underlying order denying his anti-SLAPP motion. Accordingly, this limited, requested relief would permit Defendant Bongino to continue to avail himself of the statutory protection from discovery and the absolute immunity provided by Nevada's anti-SLAPP

statute, without being forcibly removed of such procedural protections due to no actions of his own.

Therefore, as set forth in greater detail below, a stay of discovery is warranted and the Court should enter an order accordingly granting the present motion.

## II.   RELEVANT BACKGROUND

A detailed background of the history of this case is set forth in the parties' first Joint Status Report dated June 3, 2024 [ECF No. 22]. The following is a brief recitation of the posture of this case as it relates to the relief sought by this motion:

1. Plaintiff Matze commenced this action in the Eighth Judicial Circuit Court, Clark County, Nevada ("Nevada state court") asserting contract and tort claims against Defendants. [ECF No. 2]; *see also* Nevada state court Doc ID #2. Some Defendants lodged counterclaims against Plaintiff Matze, and Defendant Bongino and others asserted crossclaims against Defendant Parler. [ECF No. 2]; *see also* Nevada state court Doc ID #14, 21, 169, and 176.

2. Defendant Bongino and others filed special motions to dismiss Plaintiff Matze's claims pursuant to Nevada's anti-SLAPP statute, NRS 41.660. [ECF No. 2]; Nevada state court Doc ID #12, 16, and 20. As a result, discovery on the claims subject to the anti-SLAPP motions was automatically stayed pursuant to NRS 41.660(3)(e)(1), although written discovery on Plaintiff Matze's other claims (and jurisdictional discovery, including depositions) was undertaken.

3. The Nevada state court denied the anti-SLAPP motions [ECF No. 2]; *see also* Nevada state court Doc ID #167, and Defendant Bongino and others filed an interlocutory appeal to the Supreme Court of Nevada as permitted by NRS 41.670(4). [ECF No. 2]; *see also* Nevada state court Doc ID #171, 173, 177, and 179. As a result, and pursuant to NRS 41.660(3)(e)(2), the Nevada state court extended the stay of discovery on the claims subject to the anti-SLAPP motions. [ECF No. 2]; *see also* Nevada state court Doc ID #211.

4. The appeal from the order denying the anti-SLAPP motions was fully briefed to the Supreme Court of Nevada on January 19, 2024.

5. On April 15, 2024, Defendant Parler filed a Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the District of Delaware. [ECF No. 2]; *see also* Nevada state court Doc ID #247.

6. On May 1, 2024, Defendant Parler removed this action to this Court. [ECF No. 1].

7. On May 8, 2024, Defendant Parler filed a Motion to Transfer Venue [ECF No. 11], which is fully briefed and pending.

8. On May 22, 2024, Plaintiff Matze filed a Countermotion for Abstention and/or Remand [ECF No. 20], which is fully briefed and pending.

9. On June 5, 2024, the Supreme Court of the State of Nevada dismissed the appeal from the order denying the anti-SLAPP motions due to the removal of the case to this Court, but it allowed the reinstatement of the appeal if this case is remanded to the Nevada state court. *See* **Exhibit A**, attached hereto.

10. On July 18, 2024, the parties submitted a Joint Status Report where Defendants asserted that all discovery should be stayed pending the resolution of the Pending Motions, as well as pursuant to NRS 41.660. [ECF No. 31].

11. On July 19, 2024, this Court entered its Scheduling Order. [ECF No. 32]. There, the Court acknowledged Defendants' position that a stay of discovery is warranted, but the Court indicated "a request to stay discovery must be made in a proper motion, supported by meaningfully developed argument." *Id*.

12. Thereafter, Plaintiff Matze demanded written discovery from Defendant Bongino, including with respect to the claims subject to the anti-SLAPP motions, as well as his deposition by late August or early September.

13. On August 15, 2024, Plaintiff Matze's counsel, Defendant Bongino's counsel, and counsel for other defendants attended a meet-and-confer zoom conference wherein Plaintiff Matze's counsel refused to agree to any stay of discovery, including a limited stay relating to anti-SLAPP issues. *See* Declaration of Kyle M. Wyant, Esq., included below pursuant to LR 26-6.

### III.   ARGUMENT

### A. The Court Should Stay All Discovery Until Resolution of the Pending Motions.

"Courts have broad discretionary power to control discovery. In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action." *Sean K. Claggett & Assocs., LLC v. Keenan*, Case No. 2:21-cv-02237-GMN-DJA, 2022 WL 2788441, at *2 (D. Nev. July 14, 2022) (citation omitted). Although the rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending, "**preliminary issues such as jurisdiction, *venue*, or *immunity* are common situations that may justify a stay**." *Id*. (emphasis added; citing cases).

A motion to stay discovery pending resolution of a dispositive motion should be granted when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal." *Id*. Here, all three factors militate in favor of a stay of discovery until the Pending Motions are decided.

*First*, the Pending Motions are both potentially dispositive. *See, e.g.*, *Flam v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015) ("Each of our sister circuits to consider the question has held that a motion to remand is a dispositive one.... We [] agree with our sister circuits."). The Motion to Transfer Venue seeks to move this case to the U.S. Bankruptcy Court for the District of Delaware, and the Countermotion for Abstention and/or Remand seeks to return this case to the Nevada state court. Accordingly, the potentially dispositive nature of the Pending Motions weighs in favor of a stay. *Sean K. Claggett & Assocs., LLC*, 2:21-cv-02237-GMN-DJA, 2022 WL 2788441, at *2 (granting stay of discovery, reasoning: "As Plaintiffs point out, the motion to remand is potentially dispositive because it would determine whether this Court has jurisdiction over the case and Defendants' motions to dismiss raise jurisdictional and immunity defenses."); *Wilmington Savings Fund Soc'y FS v. El*, Case No. 2:19-cv-01852-KJD-DJA, 2019 WL 6310718 (D. Nev. Nov. 25, 2019) (granting motion to stay discovery pending resolution of motion to remand); *MSAA Holdings, LLC v. Heller, Draper, Patrick, Horn & Manthey, LLC*, Case No. 2:18-cv-02336-JAD-GWF, 2019 WL 8129086 (D. Nev. March 26, 2019) (granting motion to stay

discovery pending dispositive motion for dismissal for improper venue or to transfer venue); *Grammer v. Colo. Hosp. Ass'n Shared Services, Inc.*, Case No. 2:14–cv–1701–RFB–VCF, 2015 WL 268780 (D. Nev. Jan. 21, 2015) (granting motion to stay discovery pending resolution of motion to remand).

*Second*, the Pending Motions can be decided without discovery. Both Pending Motions are fully briefed, and discovery is not required to determine the proper venue for this action. Accordingly, this too weighs in favor of a stay of discovery. *See Wilmington Savings Fund Soc'y FS*, 2019 WL 6310718, at *2 ("The issues before the Court in the pending Motion to Remand do not require further discovery as the Motion has been fully briefed and if granted, this case would be remanded to state court. As such, the Court finds this is a case where a temporary stay of discovery will further the goal of judicial economy.").

*Third,* the Court's preliminary peek at the merits of the Pending Motions will likely result in a finding that venue is appropriate elsewhere. By the very nature of the Pending Motions, it is evident that neither Plaintiff Matze nor Defendant Parler believe this case should be adjudicated by this Court. While Defendant Bongino takes no position on either of the Pending Motions, Defendant Parler LLC's reliance on the bankruptcy code and transfer statutes appears sound. Besides, even with the possibility that the Court could deny both Pending Motions, a temporary stay of discovery accomplishes conservation of party and Court resources and efficiency, particularly because of the unique procedural posture of this case and the unresolved anti-SLAPP issues. *See Sean K. Claggett & Assocs.*, 2022 WL 2788441, at *2 ("While there is a possibility that that Court could deny both Plaintiffs' and Defendants' motions, the Court finds that this unique procedural posture means that a discovery stay will accomplish the objectives of Rule 1. Staying discovery here will accomplish the just determination of the action because it will prevent Plaintiffs from engaging in discovery where they believe there is no jurisdiction. Staying discovery will accomplish a speedy determination because it will lessen the likelihood that the parties will duplicate efforts in the event the case is remanded. And it will accomplish an inexpensive resolution for the same reason.").

As all factors weigh in favor of a stay, the Court should exercise its discretion and issue a stay pending ruling on the Pending Motions.

**B. At a Minimum, the Court Should Stay All Discovery Relating to Any Defamation Claims Pursuant to NRS 41.660.**

Alternatively, even if the Court decides to deny both Pending Motions, a partial stay of discovery is still warranted with respect to the anti-SLAPP aspects of this case pursuant to NRS 41.660(3)(e). When this case was removed, the automatic stay of discovery was in effect pending the decision by the Nevada Supreme Court on the interlocutory appeal. Although the appeal was dismissed for technical reasons due to the removal, the Nevada Supreme Court did so "***without prejudice* to appellants' right to move for its reinstatement within 30 days of any remand from the federal district court, if deemed appropriate**." *See* **Exhibit A** (emphasis added). Thus, the statutory stay of discovery remains in place because the appeal has not been decided or disposed of on the merits. *See* NRS 41.660(3) ("If a special motion to dismiss is filed pursuant to subsection 2, **the court *shall* … stay discovery pending**: (1) A ruling by the court on the motion; and (2) **the disposition of any appeal from the ruling on the motion**.") (emphasis added).

While Plaintiff Matze contends otherwise due to the unique procedural posture of this case [ECF No. 31], Defendant Bongino—through no action or fault of his own, as he did not join in the removal—should not be denied the automatic statutory protection from discovery pending the disposition of his special motion to dismiss. Nor should Defendant Bongino be denied the complete immunity from this SLAPP suit that the Nevada Legislature has provided to him. *See* NRS 41.650 ("A person who engages in a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern is immune from any civil action for claims based upon the communication."). Importantly, the requested discovery stay is not indefinite and only remains in place until the anti-SLAPP appeal issue is ruled upon. If the Court retains this case, Defendant Bongino will promptly move for review of the Nevada state court's order denying his special motion to dismiss.

Therefore, the facts and the law weigh in favor of a stay of discovery with respect to the anti-SLAPP aspects of this case. *See Reiner v. CVS Pharmacy, Inc.*, Case No. 2:22-cv-00701-RFB-EJY, 2023 WL 5726263, at *2 (D. Nev. Aug. 23, 2023) (staying discovery while dispositive motion pending and reasoning, "the challenges to Plaintiff's defamation claims under Nevada's anti-SLAPP statutes provides an independent basis to stay this case.") (citing *ProCare Hospice of Nev., LLC v. OneCare Hospice, LLC*, 340 F.R.D. 174, 177 (D. Nev. Dec. 17, 2021) (wherein this Court expressly acknowledged that NRS 41.660(3) provided for a stay of discovery, at least with respect to the issues related to the anti-SLAPP motion); *Shahrokhi v. Harter*, Case No.: 2:20-cv-01623-JAD-NJK, 2020 WL 6684985, at *2 (D. Nev. Nov. 10, 2020) (staying discovery and reasoning, "Defendant Burrow submits that discovery in this case should be stayed 'because she is immune from suit under Nevada's Anti-SLAPP law.' The Court finds that Defendant Burrow's motion meets the *Tradebay, LLC* standard and, therefore, a stay of discovery as to this Defendant will be granted.") (citation omitted).

Therefore, at a minimum, the Court should issue a stay with respect to all discovery related to Plaintiff Matze's defamation claims (or any related claims sounding in defamation).

# CONCLUSION

For these reasons, Defendant Dan Bongino respectfully requests that the Court grant his Motion to Stay Discovery, and for any other relief this Court deems just, proper, and equitable.

DATED this 15th day of August 2024.

**SHEA LARSEN PC**

*/s/ Bart K. Larsen, Esq.*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

Michael A. Kolcun (*Pro Hac Vice pending*)
Fla. Bar No. 86043
Michael A. Kolcun
SMITH, GAMBRELL & RUSSELL, LLP
201 North Franklin Street, Suite 3550
Tampa, Florida 33602
*Attorneys for Defendant Dan Bongino*

**MEET AND CONFER DECLARATION OF KYLE M. WYANT, ESQ.**

Pursuant to LR 26-6, the undersigned certifies that he made a good faith effort to meet and confer before filing this motion by a telephone conference on August 15, 2024, at 11:00 a.m. with Plaintiff's counsel Todd Bice and Emily Buchwald (other participants included Michael Kolcun [counsel for Defendant Bongino], Michael Rawlins [counsel for Defendant NDMAscendant, LLC and Defendant Rebekah Mercer], and James Humphrey and Matthew Mueller [counsel for Defendant Mark Meckler]), but despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without Court intervention. Counsel for Plaintiff Matze was unwilling to agree to a stay of discovery in whole or in part, which prompted the filing of this motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my recollection.

DATED this 15th day of August 2024.

*/s/ Kyle M. Wyant, Esq.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 15, 2024, I served a true and correct copy of the foregoing **DEFENDANT DAN BONGINO'S MOTION TO STAY DISCOVERY** via the Court's electronic service system.

                 */s/ Bart K. Larsen, Esq.*
                 An employee of Shea Larsen PC

# EXHIBIT A

IN THE SUPREME COURT OF THE STATE OF NEVADA

PARLER LLC; NDMASCENDANT, LLC; MARK MECKLER; DAN BONGINO; AND REBEKAH MERCER,
Appellants,
vs.
JOHN MATZE, AN INDIVIDUAL,
Respondent.

No. 86495

FILED

JUN 05 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from interlocutory district court orders denying anti-SLAPP motions to dismiss. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

On May 17, 2024, appellant Parler, LLC notified this court that it filed a petition for relief under the Bankruptcy Code, and that the underlying district court case has been removed to the United States District Court for the District of Nevada. Parler attached the notice of removal of the underlying district court case to the notice of removal filed in this court. Under 28 U.S.C. § 1446(d), after the filing of a notice of removal and notice to this court of its filing, "the State court shall proceed no further unless and until the case is remanded." This court can no longer proceed with the matter commenced "until the federal court decides whether it will retain jurisdiction or not." *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005). Accordingly, this court takes no action on Parler's notice of suggestion of bankruptcy, and to avoid having this appeal linger on this court's docket indefinitely, this court dismisses this appeal without prejudice to appellants' right to move for its reinstatement within

30 days of any remand from the federal district court, if deemed appropriate.

It is so ORDERED.

_____, J.
Herndon

_____, J.
Lee

_____, J.
Bell

cc:  Hon. Mark R. Denton, District Judge
Kristine M. Kuzemka, Settlement Judge
Shea Larsen
Graves Garrett LLC/Kansas City
Adams and Reese LLP/Tampa
Michael D. Rawlins, PLLC
Law Offices of Robert P. Spretnak
Pisanelli Bice, PLLC
Eighth District Court Clerk