James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Todd L. Bice, Esq., Bar No. 4534
TLB@pisanellibice.com
Debra L. Spinelli, Esq., Bar No. 9695
DLS@pisanellibice.com
Jordan T. Smith, Esq., Bar No. 12097
JTS@pisanellibice.com
Emily A. Buchwald, Esq., Bar No. 13442
EAB@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

*Attorneys for Plaintiff/Counterdefendant
John Matze*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN MATZE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PARLER LLC; NDMASCENDANT, LLC; JEFFREY WERNICK; MARK MECKLER; DAN BONGINO; REBEKAH MERCER; DOES I-X, and ROE CORPORATIONS XI-XX,<br><br>Defendants.<br><br>AND ALL RELATED CLAIMS | Case No.: 2:24-cv-00826-ART-NJK<br><br>**PLAINTIFF/COUNTERDEFENDANT JOHN MATZE'S OPPOSITION TO DEFENDANT DAN BONGINO'S MOTION TO STAY DISCOVERY AND DEFENDANT MARK MECKLER'S JOINDER THERETO** |

**I.     INTRODUCTION**

Defendants Dan Bongino ("Bongino") and Mark Meckler ("Meckler") have tried to stop all discovery, first in the State Court Action and now the pending Action. Just as their flawed interpretation of NRS 41.660(3)(e) did not allow for their requested complete stay of discovery in the State Court Action, a state statute does not supersede this Court's well-settled authority grounded in the Federal Rules of Civil Procedure. That is particularly true as there is no pending motion to dismiss under Nevada's anti-SLAPP statute or appeal of the State Court's order

1

denying Defendants' motion to dismiss, since it was dismissed when Parler removed the State Court Action. Simply put, NRS 41.660 does not provide for a stay of discovery when there is no pending motion to dismiss.

Bongino and Meckler have failed to meet the heavy burden necessary to show why discovery should be stayed. Unlike the cases relied on by Bongino and Meckler, discovery will proceed into the claims and defenses regardless of the outcomes of the pending motion to remand or motion to transfer. And the legal basis for a motion to transfer must be more than "sound," as Bongino and Meckler argue, for discovery to be stayed, "'there must be *no question* in the court's mind that the dispositive motion will prevail and, therefore, discovery is a waste of effort . . . .'" *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013) (quoting *Trzaska v. Int'l Game Tech.*, No. 2:10-CV-02268-JCM, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011)) (emphasis in original).

Additionally, the discovery conducted to date has explained why these two Defendants in particular have an interest in preventing discovery from going forward. Bongino's document production has been sparse, with only limited messages despite testifying he communicated consistently with Defendant Jeffrey Wernick ("Wernick") about Parler. Bongino has also failed to produce documents and communications ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Still, Bongino contended that his document production was complete. Likewise, recent document productions have shown that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. But desire to avoid or delay discovery is not a basis to stay discovery.

## II.   ARGUMENT

### A.   Discovery Should Proceed Consistent with the Court's Scheduling Order.

On July 19, 2024, following multiple status reports, the Court entered its Scheduling Order setting forth the case management deadlines. (ECF No. 32.) While it acknowledged that Defendants "believe grounds may exist to stay discovery (in whole or in part)" it "express[ed] no opinion on those issues based on a status report." (*Id*.) Instead, Bongino –

1  joined by Meckler – moved to stay discovery until resolution of Parler's Motion to Transfer
2  Venue (ECF No. 11) and Matze's Countermotion for Abstention and/or Remand (ECF No. 20).
3  While the Court undoubtedly has the power to control discovery, staying discovery pending the
4  resolution of these outstanding motions would not meet the objective of Rule 1 for a "just, speedy,
5  and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597,
6  601 (D. Nev. 2011). Instead, it would further delay the State Court Action that was initially filed
7  in May of 2021.

8  Moreover, Bongino and Meckler have not met their heavy burden of showing why
9  discovery should be denied. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554,
10 556 (D. Nev. 1997). "Courts in this District have formulated three requirements in determining
11 whether to stay discovery pending resolution of a potentially dispositive motion; motions to stay
12 discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the
13 potentially dispositive motion can be decided without additional discovery; and (3) the Court has
14 taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that
15 the plaintiff will be unable to state a claim for relief." *Kor Media Grp., LLC v. Green*,
16 294 F.R.D. 579, 581 (D. Nev. 2013).

17 Bongino and Meckler claim that both of the pending motions are potentially dispositive.
18 (ECF No. 41 at 5.) Unlike the cases raised by Bongino and Meckler, neither Parler nor Matze
19 claim that this Court lacks subject matter jurisdiction, nor is there a pending motion to dismiss.
20 Instead, the issues in the pending motions address what forum is most appropriate to adjudicate
21 the complaint filed in May 2021 following one defendant's filing of bankruptcy. *Compare*
22 ECF No. 11 (moving to *transfer* venue "in the interest of justice or for the convenience of the
23 parties" under 28 U.S.C. § 1412); ECF No. 20 (timely seeking to remand the matter to state court
24 and allow the case to proceed) *with Sean K. Claggett & Assocs., LLC*, 2:21-cv-02237-GMN-DJA,
25 2022 WL 2788441 (staying discovery pending a motion to dismiss and a request to remand on
26 jurisdictional grounds); *Grammer v. Colorado Hosp. Ass'n Shared Servs., Inc.*,
27 No. 2:14-CV-1701-RFB-VCF, 2015 WL 268780, at *2 (D. Nev. Jan. 21, 2015) (temporarily
28

3

staying discovery because "Plaintiffs contend that the court lacks subject-matter jurisdiction because the parties are not diverse.").

"Although a motion to remand is 'dispositive' insofar as a remand disposes of all federal proceedings in a case (*Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015)), the relevant standard here is whether the pending motion is 'potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed.' Plaintiffs' motion to remand is not dispositive of the entire case – it is at most only dispositive as to this Court's jurisdiction." *LPOD, Inc. v. Kinder Morgan Liquids Terminals LLC*, No. 1:23-CV-01498-KES-CDB, 2024 WL 3498411, at *3 (E.D. Cal. July 22, 2024) (quoting and applying the two-prong test set forth in *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011)). A review of the specific motions that are pending before the Court are not potentially dispositive of this specific case, so a stay is not appropriate.

As this Court has acknowledged, allowing discovery to proceed while a motion to remand is pending is appropriate and even efficient. "[E]ven if the motion to remand is granted, 'that will not render any discovery conducted moot or otherwise result in a waste of the parties' resources.'" *Anoruo v. Valley Health Sys., LLC*, No. 218CV00105MMDNJK, 2018 WL 1785866, at *3 (D. Nev. Apr. 13, 2018) (quoting *Cooks-Putnam v. Trump Las Vegas Corp.*, 2015 U.S. Dist. LEXIS 115606, at *3 (D. Nev. Aug. 31, 2015)). Regardless of the ruling on either of the pending motions, "[t]his action will either continue in federal court or in state court. Unless the case settles, discovery will proceed regardless of the outcome of the District Court's remand decision." *Grammer v. Colo. Hosp. Ass'n Shared Servs.*, 2015 WL 3938406 (D. Nev. June 26, 2015). The Court has even denied a stipulation to stay discovery pending resolution of a motion to remand "because any discovery completed here would still be useful in the state court proceedings, . . . . " *Worthams v. GEICO Choice Ins. Co.*, No. 224CV00023RFBNJK, 2024 WL 1745288, at *1 (D. Nev. Apr. 22, 2024) (citing *Grammer* 2015 WL 3938406, at *2 (D. Nev. June 26, 2015)). The State Court Action has been pending since May 2021 and subject to significant delays already. There is no basis to further delay discovery, especially as the discovery would be useful regardless of the outcome of the pending motions.

1  While Matze agrees that discovery is not necessary to resolve the pending motions,
2  Bongino and Matze's summary analysis of the merits of Parler's Motion to Transfer is insufficient.
3  To stay discovery "there must be *no question* in the court's mind that the dispositive motion will
4  prevail, and therefore, discovery is a waste of effort. Absent extraordinary circumstances,
5  litigation should not be delayed simply because a non-frivolous motion has been filed." *Trzaska*,
6  2011 WL 1233298, at *3 (emphasis in original). Bongino and Meckler must show not only that "a
7  ruling on the underlying motion in favor of the movant would resolve the case such that any
8  discovery conducted would be a waste of time and resources." *Flynn v. Nevada*, 345 F.R.D. 338,
9  345 (D. Nev. 2024). But the Motion to Stay fails to take any such position.

10  Instead, Bongino and Meckler seem to argue that regardless of the outcome of the pending
11  motions, a stay of discovery is appropriate. Again, neither of the pending motions are truly
12  dispositive of the matter; discovery would need to proceed regardless of the ultimate venue.
13  Bongino and Meckler have failed to meet their burden to show a stay of all discovery, particularly
14  as they both have shown a desire to stay discovery in the past. Discovery should proceed
15  consistent with the Court's Scheduling Order.

16  **B.   There is No Basis to Stay Under NRS 41.660(3)(e).**

17  On March 31, 2023, the court denied Bongino and Meckler, as well as other Defendants[1],
18  motion to dismiss under Nevada's anti-SLAPP statute. (*See* Ex. 1, Order Denying Defs.' Mots. to
19  Dismiss, Mar. 31, 2023.) Bongino and Meckler timely appealed (ECF No. 8 at 45, 128) and, at
20  the time of Parler's removal of the State Court Action, the Supreme Court Appeal was fully
21  briefed. The Nevada Supreme Court dismissed the appeal on June 5, 2024. (Ex. A to Mot.)
22  Therefore, there is currently no pending motion to dismiss under NRS 41.660 or appeal from a
23  motion to dismiss that would entitle Bongino or Meckler to a stay of discovery on any of the
24  claims under 41.660(3)(e). (providing for a stay of discovery "pending (1) A ruling by the court
25  on the motion; and (2) The disposition of any appeal from the ruling on the motion; . . .") A

---

[1]   Defendant Wernick did not move to dismiss under Nevada's anti-SLAPP statute, so he was not a party to the subsequent appeal.

1 vague reference to seeking review of an order in the future does not fall within confines of the
2 statute, if it even applies.

3       Bongino and Meckler also fail to explain why the Court should apply an automatic stay set
4 forth in state law, rather than analyzing the request for a partial stay under the Federal Rules of
5 Civil Procedure. *See LHF Prods., Inc. v. Kabala*, No. 216CV02028JADNJK, 2019 WL 7403960,
6 at *7 (D. Nev. Dec. 31, 2019), *aff'd sub nom. LHF Prods., Inc. v. Does*, 848 F. App'x 802 (9th
7 Cir. 2021) ("[T]he parties failed to explain why the court should depart from the well-settled
8 authority grounded in the Federal Rules of Civil Procedure and instead apply an automatic stay
9 provision grounded in state law.") For instance, in *Shahrokhi v. Harter*, No.
10 220CV01623JADNJK, 2020 WL 6684985, at *1 (D. Nev. Nov. 10, 2020), a case relied upon by
11 Bongino and Meckler, the Court recognized that "the Federal Rules of Civil Procedure do not
12 provide for automatic or blanket stays of discovery merely because dispositive motions are
13 pending." Instead, the court analyzed the motion to stay under the standard three-part analysis
14 under *Tradebay* and, in part because of the claim that plaintiff was immune from suit under
15 Nevada's anti-SLAPP statute, entered a stay of discovery. *Id*. at *2.

16       Here, there is no pending dispositive motion under Nevada's anti-SLAPP statute, nor is
17 there an appeal, rendering the entire *Tradebay* analysis inapplicable. While Bongino now claims
18 that the removal was through no action or fault of his own, neither he nor Meckler has made an
19 attempt to remand the action to state court. They are not entitled to take advantage of the delay to
20 avoid discovery. Since there is no pending motion before it, the Court cannot take a "sneak peek"
21 to determine that there is *no question* Bongino or Meckler will prevail on their motion to dismiss
22 under NRS 41.660. *Trzaska,* 2011 WL 1233298, at *3. In fact, the only court that has examined it
23 denied their motion to dismiss. (Ex. 1, Order Denying Defs.' Mots. to Dismiss, Mar. 31, 2023.)
24 There is no basis to separately stay discovery into the anti-SLAPP aspects of this case.

25       **C.**    **Bongino and Meckler Have Repeatedly Attempted to Stop Discovery.**

26 While Bongino characterizes the stay in the State Court Action as "automatic,"
27 (ECF No. 41 at 7), the record reflects substantive briefing about the stay. (*See* ECF No. 8
28 at 178-353.) Although the motion to dismiss under Nevada's anti-SLAPP statute only sought to

6

1  dismiss two of Matze's claims, defamation/slander per se and conspiracy to commit
2  defamation/slander per se, both Bongino and Meckler argued for an extremely broad
3  interpretation of NRS 41.660(3)(e). Both Bongino and Meckler argued that NRS 41.660(3)(e)
4  entitled them to a complete stay of discovery pending the resolution of the appeal. (*Id*.) After
5  briefing and argument and the associated delays, the court in the State Court Action rejected
6  Bongino and Meckler's attempt to stop all discovery pending the appeal of the motion to dismiss,
7  instead limiting discovery to the "non-Anti-Slapp aspect of the case." (ECF No. 9 at 20-24.) Of
8  course, unlike now, there was a pending appeal of the State Court Action's order denying the
9  motion to dismiss such that NRS 41.660(3)(e) was arguably applicable.

10     It is telling that Bongino and Meckler have repeatedly tried to stop discovery from
11 proceeding in this action, and the testimony and documents produced by others may shed some
12 light on why. During jurisdictional discovery in the State Court Action, Bongino testified that he
13 messaged with multiple people about Parler, including Plaintiff John Matze (Ex. 2, Dep. Tr. of
14 D. Bongino, 25:15-17) and Jeffrey Wernick, a few times a week (*Id*. at 33:6-20). Bongino could
15 not recall whether he had texted with other people including Defendant Mercer. (*Id*. at 33:2-5.)
16 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
17 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See* Ex. 3,
18 MERCER 00028899.) To date, neither Wernick nor Bongino have produced their
19 communications with one another. Furthermore, ▓▓▓▓▓▓▓▓▓▓▓▓▓
20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Despite this, Bongino claims he has no additional documents to
23 produce. (Ex. 5, M. Kolcun to E. Buchwald, Aug. 9, 2024.) Discovery, including depositions,
24 are necessary to uncover the extent of Bongino's involvement in the conspiracy to terminate and
25 defame Matze, as alleged in Matze's complaint.
26     Likewise, while Meckler has produced some messages with the other Defendants, they
27 appear incomplete. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
28 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

███████████████████. (*See* Ex. 6, MERCER 00028866; Ex. 7, MERCER 00028913.) Rather than stay discovery, it should proceed in accordance with the Court's Scheduling Order to ensure that it can proceed to trial, regardless of the outcome of the pending motions. After all, these delays and associated litigation expense is what Wernick threated would occur if Matze did not take Mercer's deal prior to his termination. (Ex. 8, Decl. of J. Matze, Sept. 12, 2022, ¶ 7 (exhibits omitted).)

### III.  CONCLUSION

Based on the foregoing, Matze respectfully requests this Court deny Bongino's Motion to Stay and Meckler's Joinder and allow discovery to proceed in accordance with the Court's Scheduling Order.

DATED this 29th day of August, 2024.

        PISANELLI BICE PLLC

By:   */s/ Emily A. Buchwald*
      James J. Pisanelli, Esq., #4027
      Todd L. Bice, Esq., #4534
      Debra L. Spinelli, Esq., #9695
      Jordan T. Smith, Esq., #12097
      Emily A. Buchwald, Esq., #13442
      400 South 7th Street, Suite 300
      Las Vegas, Nevada 89101

*Attorneys for Plaintiff/Counterdefendant John Matze*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC and that, on this 29th day of August, 2024, I caused to be served the above and foregoing **PLAINTIFF/COUNTERDEFENDANT JOHN MATZE'S OPPOSTION TO DEFENDANT DAN BONGINO'S MOTION TO STAY DISCOVERY AND DEFENDANT MARK MECKLER'S JOINDER THERETO** to all persons on the Court's CM/ECF service list.

*/s/ Kimberly Peets*
An employee of Pisanelli Bice PLLC