James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
E-Mail:   jshea@shea.law
          blarsen@shea.law
          kwyant@shea.law

-and-

Michael A. Kolcun (admitted *pro hac vice*)
Fla. Bar No. 86043
Michael A. Kolcun
**SMITH GAMBRELL & RUSSELL LLP**
201 North Franklin Street, Suite 3550
Tampa, Florida 33602
(813) 488-2920
MKolcun@sgrlaw.com

*Attorneys for Defendant Dan Bongino*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOHN MATZE, | CASE NO. 2:24-CV-000826-ART-NJK |
| Plaintiff, | Related Matter: |
| vs. | Chapter 11 Case No. 24-10755-CTG |
| PARLER LLC, et al., | (Pending in the United States Bankruptcy Court for the District of Delaware) |
| Defendants. | **DEFENDANT DAN BONGINO'S REPLY IN SUPPORT OF HIS MOTION TO STAY DISCOVERY** |

**I.   INTRODUCTION**

Defendant Dan Bongino asks this Court to stay discovery merely until it decides which federal, state, or bankruptcy court is appropriate to decide the claims asserted in this action, or to

at least stay discovery of the claims subject to Defendant Bongino's special motion to dismiss pursuant to Nevada's anti-SLAPP statute, NRS 41.660, until the appeal from the ruling on that motion is resolved on the merits.

Plaintiff John Matze disagrees with the propriety of either outcome, but he largely agrees with the law and the facts justifying them. For instance, Plaintiff Matze agrees discovery is not needed to resolve the Motion to Transfer Venue by Defendant Parler [ECF No. 11] or his own Countermotion for Abstention and/or Remand [ECF No. 20; together, "Pending Motions"], and Plaintiff Matze certainly believes his own motion will prevail, which satisfies two of the three legal elements supporting the requested discovery stay. The final element—whether the Pending Motions are dispositive—also supports a stay of discovery because preliminary issues of jurisdiction, venue, and immunity are at issue. Although he now argues otherwise, Plaintiff Matze moved this Court to remand the case based on mandatory abstention, claiming: "In circumstances like these, the law actually *mandates* that federal courts abstain from asserting jurisdiction." [ECF No. 20 at *2; emphasis in original]. Accordingly, Plaintiff Matze's challenges to jurisdiction and venue, Defendant Parler's challenges to venue, and Defendant Bongino's assertion of immunity from suit in his unresolved anti-SLAPP appeal all justify a temporary stay of discovery.

Plaintiff Matze elevates form over substance to oppose the request for an even more limited stay of discovery under Nevada's anti-SLAPP statute. Plaintiff Matze contends that even though the anti-SLAPP appeal was fully-briefed and primed for argument and disposition on the merits, the mere fact that it was dismissed *without prejudice* due to Defendant Parler's removal means that Defendant Bongino now forfeits the statutory immunities afforded to him (and all others who engage in protected speech) by the Nevada Legislature. But that is not how the law or equity works. The anti-SLAPP statute provides complete immunity from suit (NRS 41.650), as well as a stay of discovery until the "*disposition* of any appeal." NRS 41.660(3) (emphasis added). Plaintiff Matze knows that Defendant Bongino has, and will, avail himself of these statutory protections from this SLAPP suit, whether in this Court or elsewhere. Defendant Bongino just has not burdened this Court with review of the ruling on his anti-SLAPP motion because the threshold questions of

jurisdiction and venue that Plaintiff Matze and Defendant Parler presented must be decided first. Defendant Bongino should not be prejudiced, and his statutory rights denied, under these circumstances and due to the now unique procedural posture of this case caused by other parties.

Therefore, as set forth in greater detail below and in Defendant Bongino's opening brief, this Court should enter an order granting Defendant Bongino's motion.

## II. ARGUMENT

### A. The Court Should Stay All Discovery Until Resolution of the Pending Motions.

This Court should exercise its discretion and stay all discovery until the Pending Motions are resolved.

Beneath all the rhetoric and the inaccurate recitations of the background of this case, Plaintiff Matze does not really dispute the law and the facts applicable to this motion. Indeed, Plaintiff Matze agrees a stay of discovery is appropriate when (1) a pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) a 'preliminary peek' at the merits of the dispositive motion shows a likelihood of dismissal. *See* Opposition to Motion to Stay Discovery ("Opp'n") at *3. From this legal framework, Plaintiff Matze "agrees that discovery is not necessary to resolve the [P]ending [M]otions." *Id*. at *5. Although he does not address the third element regarding the merits of the Pending Motions, Plaintiff Matze must also agree there is "*no question*" that his own Countermotion for Abstention and/or Remand will prevail, or he would not have moved with such persuasion in the first place. *Id*. (quoting *Trzaska v. Int'l Game Tech.*, Case No. 2:10–cv–02268–JCM–GWF, 2011 WL 1233298, at *3 (D. Nev. March 29, 2011)).

So, to provide the limited stay of discovery that Defendant Bongino seeks, this Court only needs to determine whether one or both Pending Motions are potentially dispositive. *Id*. They are. In *Flam v. Flam*, the Ninth Circuit held: "Each of our sister circuits to consider the question has held that a motion to remand is a dispositive one . . . We therefore agree with our sister circuits." 788 F.3d 1043, 1046-47 (9th Cir. 2015). The Ninth Circuit's reasoning is straightforward; because

"remand orders put litigants out of federal court . . . the effect of a remand order is to end all federal proceedings." *Id*. at 1047.[1]

Consider Plaintiff's Matze's own words: "In circumstances like these, the law actually *mandates* that federal courts abstain from asserting jurisdiction." [ECF No. 20 at *2; emphasis in original]. Plaintiff Matze even argues there is "no independent federal jurisdiction based on the length of time that the state court action has been ongoing." [ECF No. 26 at *3; *see also id*. at *6]. Aside from his (Defendant Parler's) challenges to venue, Plaintiff Matze contests the suitability of this Court exercising jurisdiction over this case, so by extension, he must agree it would be inappropriate for this Court to oversee discovery and adjudicate the many discovery disputes that Plaintiff Matze foreshadows will come.

Accordingly, Plaintiff Matze's own injection of preliminary issues of jurisdiction and venue—not to mention Defendant Parler's challenges to venue and Defendant Bongino's unresolved immunity defense—justifies a brief stay of discovery until they are resolved. *See, e.g. Sean K. Claggett & Assocs.*, 2022 WL 2788441, at *2 ("the motion to remand is potentially dispositive because it would determine whether this Court has jurisdiction over the case"); *Shahrokhi v. Harter*, Case No.: 2:20-cv-01623-JAD-NJK, 2020 WL 6684985, at *2 (D. Nev. Nov. 10, 2020) (staying discovery during pendency of motions presenting issues of abstention and Nevada anti-SLAPP law); *MSAA Holdings, LLC v. Heller, Draper, Patrick, Horn & Manthey, LLC*, Case No. 2:18-cv-02336-JAD-GWF, 2019 WL 8129086 (D. Nev. March 26, 2019) (staying discovery pending motion to dismiss or transfer based on improper venue).

Finally, Plaintiff Matze's complaints over the status and sufficiency of discovery reinforce why a temporary stay of discovery is advisable. Neither the parties nor the Court should be forced to expend time and resources with discovery—especially under an abbreviated schedule where

---

[1] Plaintiff Matze addresses this unequivocal pronouncement by claiming the pending motion must be potentially dispositive of the entire case, relying exclusively on an unpublished opinion from another district court that denied an *ex parte* motion. *See* Opp'n at *4 (citing *LPOD, Inc. v. Kinder Morgan Liquids Terminals LLC*, No. 1:23-CV-01498-KES-CDB, 2024 WL 3498411 (E.D. Cal. July 22, 2024)). But that is not the law of this district. *See Sean K. Claggett & Assocs., LLC v. Keenan*, Case No. 2:21-cv-02237-GMN-DJA, 2022 WL 2788441, at *2 (D. Nev. July 14, 2022) (granting discovery stay, reasoning "preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay.") (citing cases).

discovery concludes in just 4 months' time [ECF No. 32]—or with discovery disputes if this case will be ultimately heard elsewhere. Indeed, Plaintiff Matze believes the Nevada state court is more appropriate to oversee discovery because "[h]aving supervised this case for over three years, the state court is intimately familiar with the parties and issues presented. Additionally, prior to removal, the case was assigned to the Nevada business courts – specialized courts that were established to promote efficient resolution of business disputes like this one." [ECF No. 20, at *10].

Plaintiff Matze's current position is contrary to the very purposes of the Federal Rules of Civil Procedure, as this Court has recognized when staying discovery under similar circumstances:

> While there is a possibility that that Court could deny both Plaintiffs' and Defendants' motions, the Court finds that this unique procedural posture means that a discovery stay will accomplish the objectives of Rule 1. Staying discovery here will accomplish the just determination of the action because it will prevent Plaintiffs from engaging in discovery where they believe there is no jurisdiction. Staying discovery will accomplish a speedy determination because it will lessen the likelihood that the parties will duplicate efforts in the event the case is remanded. And it will accomplish an inexpensive resolution for the same reason.

*Sean K. Claggett & Assocs.*, 2022 WL 2788441, at *2.

Therefore, as all elements weigh in its favor, this Court should exercise its discretion and issue a stay of discovery until it rules on the Pending Motions.

### B. At a Minimum, the Court Should Stay All Discovery Relating to the Defamation Claims Pursuant to NRS 41.660.

At a minimum, this Court should stay discovery relating to Plaintiff Matze's two defamation claims, asserted under Nevada law, pursuant to the Nevada anti-SLAPP statute.

Plaintiff Matze commenced this underlying SLAPP suit to punish Defendant Bongino for exercising his right to free speech, and Plaintiff Matze now threatens to deny him the express statutory protections based on Defendant Bongino's good faith communication in furtherance of his right to speak in direct connection with an issue of public concern. *See* NRS 41.665. Nevada law declares that a person who engages in a good faith communication is "immune from any civil action for claims based upon the communication." NRS 41.650. Nevada law also commands that

if "a special motion to dismiss is filed . . . the court shall … stay discovery pending: (1) A ruling by the court on the motion; and (2) the disposition of any appeal from the ruling on the motion." NRS 41.660(3).[2]

Plaintiff Matze contends these rights and immunities may be avoided simply because Defendant Bongino's appeal was provisionally dismissed, *without prejudice*, due to the removal. But even under a hyper-technical reading of the statute, there was no "disposition" of the appeal. NRS 41.660(3). Defendant Bongino can and will have the appeal reinstated if the case is remanded (*see* Motion at Exhibit A), or Defendant Bongino can and will have it reviewed on appeal in the Circuit Court of Appeals overseeing whichever federal court ultimately retains this matter.

Importantly, Defendant Bongino has only declined to raise the matter thus far because of the unresolved, threshold issues of jurisdiction and venue presented by Plaintiff Matze and Defendant Parler. For instance, it would undoubtedly waste the time and resources of the parties and the Court to undertake the process of reviewing and adopting the Nevada state court's ruling on the anti-SLAPP motion, and for Defendant Bongino to initiate an appeal to the Ninth Circuit, if this Court decides a short time later that the case should be remanded or transferred to Delaware. Although Plaintiff Matze pretends otherwise (Opp'n at *6), Defendant Bongino *does* move for a stay of discovery under Rule 26 as well, and for this very reason, as he seeks protection from oppression, undue burden, and expense. *See* Motion at *1 (moving under Fed.R.Civ.P. 26); *id*. at *8 (citing cases where this Court stayed discovery pursuant to Fed.R.Civ.P. 26 and NRS 41.660).

Finally, as before, Plaintiff Matze's complaint about the status of discovery rings hollow. It was Plaintiff Matze who elected to sue numerous parties, domiciled across the country, based on a good faith communication, and while claiming to be a supporter of free speech. According to Defendant Parler, it was Plaintiff Matze who forced it into bankruptcy and delayed this case by

---

[2] The threats to infringe Defendant Bongino's Constitutional and statutory rights are imminent. *See* Opp'n at *7 ("Discovery, including depositions, are necessary to uncover the extent of Bongino's involvement in the conspiracy to terminate and defame Matze, as alleged in Matze's complaint."); *id*. at Exhibit 5 (Plaintiff Matze demands written discovery and a deposition, claiming "there is no longer any stay of discovery related to the defamation/slander per se or conspiracy to commit defamation per se claims."). If *any* discovery proceeds on these two claims, then Defendant Bongino's immunity is lost and his statutory protections are stripped from him.

Page 6 of 8

asserting a *billion*-dollar claim against it. [ECF No. 44]. Defendant Bongino has neither unlawfully nor unreasonably tried to prevent discovery; he has availed himself of the law of the forum where he was sued, and while he disagrees with it, Defendant Bongino respected the Nevada state court's order by only moving this Court to maintain the stay of discovery on the two defamation claims (and not all of Plaintiff Matze's claims) pursuant to Nevada's anti-SLAPP statute.

Therefore, under these circumstances, this Court should at least issue a stay of discovery related to the defamation claims.

### III. CONCLUSION

For these reasons, Defendant Dan Bongino respectfully requests that the Court grant his Motion to Stay Discovery, and for any other relief this Court deems just, proper, and equitable.

DATED this 5th day of September 2024.

**SMITH, GAMBRELL & RUSSELL, LLP**

*/s/ Michael A. Kolcun*
Michael A. Kolcun (admitted *pro hac vice*)
Fla. Bar No. 86043
Michael A. Kolcun
SMITH, GAMBRELL & RUSSELL, LLP
201 North Franklin Street, Suite 3550
Tampa, Florida 33602
(813) 488-2920
MKolcun@sgrlaw.com

-and-

James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
E-Mail: jshea@shea.law
          blarsen@shea.law
          kwyant@shea.law

*Attorneys for Defendant Dan Bongino*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2024, I served a true and correct copy of the foregoing **DEFENDANT DAN BONGINO'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY** via the Court's electronic service system.

/s/ Michael A. Kolcun
Attorney for Defendant Dan Bongino