UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MATZE,<br><br>              Plaintiff(s),<br><br>v.<br><br>PARLER LLC, et al.,<br><br>              Defendant(s). | Case No. 2:24-cv-00826-ART-NJK<br><br>**Order**<br><br>[Docket No. 41] |

Pending before the Court is Defendant Dan Bongino's motion to stay discovery. Docket No. 41. Defendants Mark Meckler, Rebekah Mercer, NDMAAscendant, and Jeffrey Wernick filed joinders. Docket Nos. 43, 45, 46. Plaintiff filed a response in opposition. Docket No. 48; *see also* Docket No. 47 (sealed version). Defendant Bongino filed a reply. Docket No. 50; *see also* Docket No. 52 (joinder). The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** Defendant Bongino's motion to stay discovery.[1]

**I.    DISCOVERY STAY PENDING RESOLUTION OF MOTIONS TO TRANSFER AND TO REMAND**

Defendants seek to stay discovery pending resolution of the motion to transfer to federal court in Delaware (Docket No. 11) and the motion to remand to state court (Docket No. 20). *See, e.g.*, Docket No. 41 at 5-7; Docket No. 50 at 3-5. Plaintiff argues that the underlying motions are not dispositive and are not a basis to stay discovery. Docket No. 48 at 2-5. Plaintiff is correct.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda*

---

[1] Because the parties are familiar with the background, the Court will not provide background discussion herein.

*Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the potentially dispositive motion will actually resolve the case. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *accord Flynn v. Nev.*, 345 F.R.D. 338, 343-46, 352 (D. Nev. 2024).

The Court agrees with Plaintiff that the motions to transfer and to remand do not provide a basis for staying discovery because they are not dispositive in nature. *See, e.g.*, Docket No. 48 at 4. "[A] stay of discovery is generally appropriate only when a ruling on the underlying motion in favor of the movant would resolve the case such that any discovery conducted would be a waste of time and resources." *Flynn*, 345 F.R.D. at 345.  The pendency of a motion to transfer to another federal court is not potentially dispositive, as the case will proceed regardless of the resolution of that motion so any discovery conducted in the interim will not be a waste of time and resources. *See, e.g.*, *Kor Media*, 294 F.R.D. at 581-82.  Similarly, the pendency of a motion to remand to state court is not potentially dispositive, as the case will proceed regardless of the resolution of that motion so any discovery conducted in the interim will not be a waste of time and resources. *See, e.g.*, *Flynn*, 345 F.R.D. at 345 (quoting *Grammer v. Colo. Hosp. Ass'n Shared Servs., Inc.*, No. 2:14-cv-01701-RFB-VCF, 2015 WL 3938406, at *2 (D. Nev. June 26, 2015)).[2]  Hence, staying discovery in these contexts would serve to merely delay the inevitable and is not warranted.

The Court is not persuaded by Defendants' contention that the Ninth Circuit has determined that a motion to remand must be considered dispositive in nature. *See, e.g.*, Docket No. 41 at 5 (citing *Flam v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015)).  The term "dispositive" is not a wooden talisman that means exactly the same thing in every context, but rather may be applied differently depending on the particular issue in dispute and the policies at play for that issue. *See, e.g.*, *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098-99 (9th Cir. 2016)

---

[2] The Court is not bound by contrary district court decisions. *See Starbuck v. City & Cnty. of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977).   The Court has not been persuaded by the contrary cases cited by Defendants. *See, e.g.*, Docket No. 41 at 5.

(explaining that, "[w]hen using the words 'dispositive' and 'nondispositive,' we do not believe our court intended for these descriptions to morph into mechanical classifications," and holding that the term "dispositive" means "more than tangentially related" to the merits in the context of sealing judicial documents). The Ninth Circuit case law cited by Defendants determined that a motion to remand is considered "dispositive" for purposes of a magistrate judge's authority. *Flam*, 788 F.3d at 1046-47.[3] Defendants cite no controlling legal authority that the same rationale carries over into the context of staying discovery. As explained above, in the context of staying discovery, the Court is tasked with deciding whether engaging in discovery would be a waste of time in light of a pending dispositive motion and it is plain that discovery would not be wasted simply because a motion to remand or to transfer are pending because that same discovery will be required regardless of the outcome of the decision on the underlying motion. Hence, a motion to remand is not "dispositive" in this context notwithstanding the Ninth Circuit's decision in *Flam*. *See, e.g.*, *LPOD, Inc. v. Kinder Morgan Liquids Terminals LLC*, No. 1:23-cv-01498-KES-CDB, 2024 WL 3498411, at *3 (E.D. Cal. July 22, 2024).

For all of these reasons, a stay of discovery is not warranted by the pendency of the motion to transfer or the motion to remand.

## II. DISCOVERY STAY PENDING DISPOSITION OF ANTI-SLAPP APPEAL

Defendant Bongino seeks a partial stay of discovery pursuant to state law because his appeal of the denial of his special anti-SLAPP motion was dismissed without prejudice to being renewed if this case is remanded. *See* Docket No. 41 at 7-8, 13-14; Docket No. 50 at 5-7. Plaintiff argues that, assuming this state law provision applies in federal court, Defendant Bongino's position is not supported by the statute. *See* Docket No. 48 at 5-6. This aspect of the motion to stay discovery is not sufficiently developed in several ways.

---

[3] In citing case law regarding a magistrate judge's authority in arguing that the underlying motions are dispositive, Defendant Bongino fails to cite the Ninth Circuit case law holding that a motion to transfer <u>is not dispositive</u> for that purpose. *See in re U.S. Dept. of Ed.*, 25 F.4th 692, 698-99 (9th Cir. 2022). Hence, even were Defendants correct that cases regarding whether an issue is dispositive for magistrate judge authority are applicable to whether an issue is dispositive for staying discovery, their motion would fail as a matter of law with respect to the request to stay discovery pending resolution of the motion to transfer.

First, it is not entirely clear that there is any reason to grant this relief. The premise of this alternative request appears to be that Defendant Bongino is permitted to avoid any discovery that in any way touches on the defamation claims at issue in the denied anti-SLAPP motion. *See, e.g.*, Docket No. 50 at 6. Such relief would appear to stretch any possible stay too far, as it would seem that, so long as any particular discovery is pertinent to any claim that is not the subject of an anti-SLAPP stay, then it would proceed regardless of any such stay. Defendant Bongino has not identified with particularity any live discovery request that is pertinent only to the subject defamation claims.[4] The Court is not inclined to wade into apparently novel legal issues when Defendant Bongino has not shown with particularity that he is in need of the protection he seeks. *See, e.g.*, *PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2024 WL 967904, at *1 (D. Nev. Feb. 6, 2024) (explaining that courts have a duty to avoid deciding unnecessary issues).

Second, Defendant Bongino has not provided argument explaining whether and how this state law anti-SLAPP provision applies in federal court. *See, e.g.*, Fed. R. Civ. P. 81(c)(1) (mandating that the Federal Rules of Civil Procedure apply after removal from state court).

Third, assuming state law does apply, the crux of the dispute is whether an appellate dismissal without prejudice constitutes a "disposition" under the governing statutory language. N.R.S. 41.660(e)(2). No legal authority of any kind has been presented as to how Nevada courts have interpreted and applied the term "disposition" in the anti-SLAPP context or in any other context. If there is no such Nevada case law, the parties have not provided any legal authority from any of the other jurisdictions with similar provisions. *See Procare Hospice of Nev., LLC v. OneCare Hospice, LLC*, 340 F.R.D. 174, 177 (D. Nev. 2021) (relying on cases applying the Oregon and California anti-SLAPP laws); *see also, e.g.*, *Severson v. Absolute Dental Grp., LLC*,

---

[4] Defendant Bongino represents more broadly instead that written discovery has been served "with respect to the claims subject to the anti-SLAPP motions." Docket No. 41 at 4. Defendant Bongino has not specified whether that discovery is pertinent to any of the other claims in the case.

No. 2:22-cv-01916-GMN-VCF, 2023 WL 2772004, at *4 (D. Nev. Apr. 1, 2023) (collecting cases, that Nevada state courts often look to California law).[5]

In short, the motion to stay discovery as it relates to the state anti-SLAPP law is not sufficiently developed to enable resolution, and it will be denied without prejudice on that basis. Any renewed motion must provide robust argument. Any renewed motion must (1) identify particular discovery requests that are pertinent only to the defamation claims at issue in the denied anti-SLAPP motion,[6] (2) provide meaningful argument as to whether and how this state law applies in federal court, and (3) identifies legal authority from Nevada or other similar jurisdictions as to the meaning of "disposition," particularly in this anti-SLAPP context, or certifies that counsel located no such legal authority after conducting thorough legal research.

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' motion to stay discovery. The motion is denied with prejudice as it relates to the pending motions to transfer and to remand. The motion is denied without prejudice as it relates to the anti-SLAPP arguments.

IT IS SO ORDERED.

Dated: September 18, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] Defendant Bongino indicates that he chose to refrain from seeking federal review of the state district court's denial of his anti-SLAPP motion until after the motions to transfer and remand are decided. *See, e.g.*, Docket No. 41 at 7. Defendant Bongino provides no meaningfully developed argument that he is permitted to delay seeking that relief, while simultaneously asking for protection from the anti-SLAPP provisions regarding pending appeals.

[6] Any renewed motion may also include well-developed argument explaining why a resulting stay should extend beyond discovery pertinent to only that claim.