UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MATZE,<br><br>  Plaintiff,<br><br>  v.<br><br>PARLEMENT TECHNOLOGIES, INC. (*FKA* PARLER, LLC); NDMASCENDANT, LLC; JEFFREY WERNICK; MARK MECKLER; DAN BONGINO; REBEKAH MERCER; DOES I-X, and ROE CORPORATIONS XI-XX,<br><br>  Defendants.<br><br>AND ALL RELATED CLAIMS | Case No. 2:24-cv-00826-ART-NJK<br><br>ORDER<br><br>(ECF Nos. 11, 20, 44, 68) |

More than three years ago, Plaintiff John Matze sued Defendant Parlement Technologies (then known as Parler LLC and referred to in this order as "Parler") and several co-Defendants in Nevada state court for removing Matze as Parler's CEO and conspiring to divest him of ownership in the company. (*See* ECF No. 1.) Parler later reincorporated in Delaware, transferred its headquarters to Tennessee, declared bankruptcy in Delaware, removed the Nevada suit to this Court, and sought transfer to Delaware to be consolidated with the bankruptcy proceeding.

On January 16, 2025, the Court heard oral argument for Parler's motion to transfer venue to Delaware (ECF No. 11) and Matze's countermotion to remand to state court (ECF No. 20). The Court provides this abbreviated written order to supplement the bench order issued at the hearing on January 16.

//

1

**I.    Jurisdiction**

The Court finds that bankruptcy jurisdiction exists for this removed case, but diversity jurisdiction does not.

Federal subject-matter jurisdiction exists for cases removed from state court that are related to a bankruptcy proceeding. 28 U.S.C. §§ 1334, 1452(a). Subject-matter jurisdiction exists in this case because Matze's claims relate to Parler's bankruptcy.

Federal subject-matter jurisdiction based on diversity requires that no plaintiff and no defendant be from the same state. *See* 28 U.S.C. §§ 1332(a), 1447(b). A case may be removed based on an amended pleading that establishes diversity jurisdiction, but not if the case was filed more than one year before the amended pleading, unless the plaintiff acted in bad faith to prevent removal. 28 U.S.C. §§ 1446(b)(3), (c)(1). Generally, "a suit which, at the time of filing, could not have been brought in federal court must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable." *People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993); *see Self v. Gen. Motors Corp.*, 588 F.2d 655, 659 (9th Cir. 1978).

When this case was filed in Nevada in March 2022, no diversity jurisdiction existed because both Matze and Parler were citizens of Nevada. Parler then moved its headquarters to Tennessee and reincorporated in Delaware. More than a year after moving and reincorporating, Parler removed this case to this Court based on bankruptcy and diversity jurisdiction. (*See* ECF No. 1.) Matze objected in a timely manner, arguing that Parler may not remove more than one year after the suit began and that Parler may not allege diversity jurisdiction based on its own voluntary actions that create diversity. This Court agrees on both points. Parler's voluntary actions to reincorporate and establish headquarters outside Nevada fail to establish diversity, and, even if they did, they occurred more than one year

2

before removal. Accordingly, the Court finds that diversity jurisdiction is not a basis for removal in this case.

## II.   Mandatory Abstention

Mandatory abstention under 28 USC § 1334(c)(2) applies only when claims from state court are not core to a bankruptcy proceeding. Core proceedings in bankruptcy include the "allowance or disallowance of claims against the estate." 28 USC § 157(b)(2). This core proceeding is initiated by "filing a claim against a bankruptcy estate." *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990). Matze filed a claim against the bankruptcy estate in August 2024. Matze argues that mandatory abstention must be decided based on the status of claims at the time of removal, and that since he had not filed a proof of claim against Parler's bankruptcy estate at the time of removal, mandatory abstention applies. Parler argues that the Court can consider the fact that Matze's claim is now core and indeed the largest single claim asserted in the bankruptcy proceeding to find that mandatory abstention does not apply. (*See* ECF No. 44-1). Because the Court finds that permissive abstention is appropriate, it need not resolve this issue.

## III.   Permissive Abstention/Equitable Remand

This Court may remand or permissively abstain from a state court case removed through bankruptcy jurisdiction on any equitable ground. 28 USC § 1452(b); 28 USC § 1334(c)(1); *see Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 131 (1995) (Ginsburg, J., concurring). Equitable grounds include the following fourteen factors. *In re Cedar Funding, Inc.*, 419 B.R. 807, 821 (B.A.P. 9th Cir. 2009):

1. the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
2. extent to which state law issues predominate over bankruptcy issues;
3. difficult or unsettled nature of applicable law;
4. presence of related proceeding commenced in state court or other

nonbankruptcy proceeding;

5. jurisdictional basis, if any, other than § 1334;

6. degree of relatedness or remoteness of proceeding to main bankruptcy case;

7. the substance rather than the form of an asserted core proceeding;

8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. the burden on the bankruptcy court's docket;

10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. the existence of a right to a jury trial;

12. the presence in the proceeding of nondebtor parties;

13. comity; and

14. the possibility of prejudice to other parties in the action.

Several factors that weigh in favor of abstention relate to the fact that this case involves purely state law claims and was pending in state court for more than three years before removal. Nevada law supplies every cause of action in Plaintiff's complaint, and Nevada courts oversaw three years of motion practice in this case, including an appeal to the Nevada Supreme Court. (*See* ECF No. 2.) Factors two (extent to which state law issues predominate over bankruptcy issues), four (presence of related proceeding commenced in state court), and thirteen (comity) consequently favor abstention.

Additionally, several factors that weigh in favor of abstention relate to the justice system's interest in seeing cases resolved on the merits. Parler's co-defendants rigorously contested personal jurisdiction and other preliminary matters in state court. (*See* ECF No. 2.) Parler declared bankruptcy and removed this case to federal court minutes before it was to receive a litigation sanction. (*See* ECF No. 19.) Matze argues that he is entitled to a jury trial against Parler's

co-defendants, and Defendants may raise additional procedural obstacles that will delay resolution on the merits if the case is transferred to Delaware. Accordingly, factors ten (the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties), eleven (the existence of a right to a jury trial), twelve (the presence in the proceeding of nondebtor parties), and fourteen (the possibility of prejudice to other parties in the action) favor abstention.

### IV. Conclusion

As stated at the hearing, the Court GRANTS Parler's motion for leave to file notice of Matze's claim in Delaware Bankruptcy Court (ECF No. 44).

For the reasons stated, the Court GRANTS Matze's motion to remand the case to Nevada's Eighth Judicial District Court (ECF No. 20).

The Court DENIES Matze's motion for attorneys' fees (ECF Nos. 19, 20), as it was not objectively unreasonable for Parler to remove this case. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Additionally, the Court finds Parler's motion to transfer venue, (ECF No. 11), moot, as this Court is without jurisdiction to consider the motion.

Additionally, the Court dismisses without prejudice NDMAscent's motion to amend its counterclaim (ECF No. 62).

Additionally, the Court grants Matze's motion made in court to strike ECF No. 69 from the record and denies as moot Matze's motion to seal (ECF No. 68).

Finally, the Court instructs the Clerk to close the case and provide notice to Nevada's Eighth Judicial District Court of the remand (ECF No. 20).

DATED THIS 21st day of January, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE